IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES LEON MANOUS, Surviving Spouse and Personal Representative of the Estate of Carol Ann Manous, deceased<br><br>Plaintiff,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 5:11-cv-01330-R<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

AND NOW COMES Defendant, Mylan Pharmaceuticals Inc. ("Mylan"), by and through its undersigned counsel, and in accordance with the applicable Scheduling Order (see Docket No. 31),[1] hereby files these Objections to Plaintiff's Exhibit List.

#### GENERAL OBJECTION

Plaintiff's Exhibit List includes numerous exhibits that are not described with sufficient specificity so as to identify the document that is sought to be offered. (See, e.g., Docket No. 37, Plaintiff's Witness and Exhibit List, at 3 (listing "Deposition Exhibits" as Plaintiff's Exhibit No. 35).) To the extent Plaintiff's Exhibit List does not include adequate information to allow Mylan to properly formulate legal objections, Mylan generally objects to Plaintiff's Exhibit List on the basis that it fails to provide proper notice of the documentary evidence that may be offered at trial. Mylan, therefore, reserves all objections, as well as the right to supplement or amend these objections, until exhibits are properly identified.

---

[1] Deadlines relating to service of witness and exhibit lists, and objections thereto, were not affected by the Court's grant of Mylan's Agreed Motion to Amend Scheduling Order. (See Docket No. 40.)

| PLAINTIFF EXHIBIT NO. | EXHIBIT | OBJECTIONS |
|---|---|---|
| 1. | Bartling-CV | Federal Rule of Evidence ("FRE") 401, 402, 407 (relevance); FRE 701, 702 (inadmissible expert); FRE 802 (hearsay) |
| 2. | Bartling-Report | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 701, 702 (inadmissible expert); FRE 802 (hearsay) |
| 3. | Death Certificate | None |
| 4. | FDA-Letter Dated January 28, 2005 | None |
| 5. | Fentanyl Boxes | FRE 401, 402 (relevance); FRE 901 (authentication) |
| 6. | Funeral Bill | FRE 901 (authentication) |
| 7. | Medical Examiner-Laboratory Analysis | FRE 701, 702 (inadmissible expert); FRE 802 (hearsay); FRE 901 (authentication) |
| 8. | Medical Examiner-Photos | FRE 403 (unfair prejudice, confusion, time, etc.); FRE 901 (authentication); Not sufficiently identified (see General Objection) |
| 9. | Medical Examiner-Report | FRE 701, 702 (inadmissible expert); FRE 802 (hearsay); FRE 901 (authentication) |
| 10. | Medical Records | FRE 401, 402 (relevance); FRE 901 (authentication); Not sufficiently identified (see General Objection) |
| 11. | Medical Records-All other medical records of Carol Ann Manous | FRE 401, 402 (relevance); FRE 901 (authentication); Not sufficiently identified (see General Objection) |
| 12. | Medical Records-Oklahoma PainCare, Inc. | FRE 901 (authentication) |
| 13. | Medical Records-Pardo | FRE 901 (authentication) |
| 14. | Medical Records-Schwartz | None |
| 15. | Medical Records-Turner | FRE 901 (authentication) |

| PLAINTIFF EXHIBIT NO. | EXHIBIT | OBJECTIONS |
|---|---|---|
| 16. | Mylan-ANDA File and Attachments | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 502 (privilege); FRE 802 (hearsay); Not sufficiently identified (see General Objection)<br><br>By way of further response, the "ANDA File and Attachments" consist of a multitude of separate documents comprising over 38,000 pages. Some of these documents are unquestionably admissible. However, other portions of the ANDA File and Attachments contain information that is irrelevant or otherwise inadmissible in connection with the manufacturing defect claim alleged in this case, including, for example, correspondence with the FDA after the production of the product at issue. Rather than offering the ANDA File and Attachments as a single exhibit, Mylan submits that relevance and admissibility must be evaluated on a document-by-document basis. Accordingly, Mylan reserves its objections as stated in its General Objection, *supra*. |
| 17. | Mylan-Annual Product Reviews | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 802 (hearsay); Not sufficiently identified (see General Objection)<br><br>By way of further response, this is a manufacturing defect case, and the Annual Product Reviews contain information relating to every batch of fentanyl patches produced by Mylan since the MFTS was approved in 2005. The only records potentially relevant to Plaintiff's claim are those relating to the manufacture of the lot in question. Accordingly, Mylan reserves its objections as stated in its General Objection, *supra*. |
| 18. | Mylan-Burkhart Paper | FRE 401, 402 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 802 (hearsay) |
| 19. | Mylan-Condensed Development Report | None |
| 20. | Mylan-EIR's | None |

| PLAINTIFF EXHIBIT NO. | EXHIBIT | OBJECTIONS |
|---|---|---|
| 21. | Mylan-Fentanyl Studies | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection) |
| 22. | Mylan-Formulation Development Report | None |
| 23. | Mylan-Labeling | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan has no objection to the admissibility of the labeling identified as FTS:R17. |
| 24. | Mylan-Master Batch Record | None |
| 25. | Mylan-Package Insert | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan has no objection to the admissibility of the labeling identified as FTS:R17. |
| 26. | Mylan-Package Insert-Guide to Use | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan has no objection to the admissibility of the labeling identified as FTS:R17. |
| 27. | Mylan-Package Insert-Medication Guide | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan has no objection to the admissibility of the labeling identified as FTS:R17. |
| 28. | Mylan-Package Insert-Prescribing Information | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan has no objection to the admissibility of the labeling identified as FTS:R17. |

| PLAINTIFF EXHIBIT NO. | EXHIBIT | OBJECTIONS |
|---|---|---|
| 29. | Mylan-PSUR's | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 802 (hearsay); Not sufficiently identified (see General Objection) |
| 30. | Mylan-SOP's | FRE 401, 402, 407 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection) |
| 31. | Pharmacy Records-Walgreens | FRE 901 (authentication) |
| 32. | Pharmacy Records-Wal-Mart | FRE 901 (authentication); Not sufficiently identified (see General Objection)<br><br>By way of further response, Plaintiff has not yet produced pharmacy records from Wal-Mart, and, therefore, Mylan reserves all objections. |
| 33. | Photos-Carol Ann Manous | FRE 401, 402 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); FRE 901 (authentication); Not sufficiently identified (see General Objection)<br><br>By way of further response, Plaintiff has not yet produced the photographs identified as Exhibit 33, and, therefore, Mylan reserves all objections. |
| 34. | U.S. Life Table | FRE 401, 402 (relevance); FRE 403 (unfair prejudice, confusion, time, etc.); Not sufficiently identified (see General Objection) |
| 35. | Deposition Exhibits | Not sufficiently identified (see General Objection) |
| 36. | Documents disclosed during discovery | Not sufficiently identified (see General Objection) |
| 37. | Excerpts of exhibits | Not sufficiently identified (see General Objection) |
| 38. | Exhibits listed by Defendant | Not sufficiently identified (see General Objection) |
| 39. | Exhibits prepared at trial | Not sufficiently identified (see General Objection)<br><br>By way of further response, Mylan submits that admission of any exhibit prepared and disclosed during trial would be untimely, unfairly prejudicial, and violative of the Court's disclosure rules. |

| PLAINTIFF EXHIBIT NO. | EXHIBIT | OBJECTIONS |
|---|---|---|
| 40. | Pleadings and discovery responses | Not sufficiently identified (see General Objection) |

Dated: March 28, 2013

Respectfully submitted,

 /s Jason M. Reefer
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
Jon Epstein, OBA # 13274
Chase Tower
100 North Broadway, Ste. 2900
Oklahoma City, OK 73102-8865
(405) 553-2828; (405) 553-2855 (F)

and

PIETRAGALLO, GORDON, ALFANO
BOSICK & RASPANTI, LLP
Clem C. Trischler (*pro hac vice*)
Jason M. Reefer (*pro hac vice*)
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000; (412) 261-5295 (F)
*Attorneys for Defendant*

2488878v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant's Objections to Plaintiff's Exhibit List** was electronically transmitted to the Clerk of Court using the ECF System for filing on March 28, 2013.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

> L. Mark Bonner, OBA #14541
> NORMAN & EDEM, PLLC
> 127 N.W. 10th St.
> Oklahoma City, OK 73103
> lmb@nemw.com
> *Attorney for Plaintiff*

By      s/ Jason M. Reefer
        Jason M. Reefer